UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JAMES H. STREET, JR., #190343,

    Plaintiff,

                                      Case No. 2:07-cv-130

v

                                      Hon. Wendell A. Miles

PEOPLE OF THE STATE OF MICHIGAN
and PATRICIA CARUSO,

    Defendants.

_____/

ORDER ON MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

      James H. Street, Jr., a state prisoner currently confined at the Hiawatha Correctional Facility, filed a complaint in this case asserting claims under 42 U.S.C. § 1983 and state law. The complaint deals with events that occurred while plaintiff was confined at Michigan's Newberry and Kinross Correctional Facilities. On September 11, 2007, United States Magistrate Judge Timothy P. Greeley issued a Report and Recommendation ("R & R") recommending that the complaint, which named as defendants only the State of Michigan and Michigan Department of Corrections Director Patricia Caruso, be dismissed for failure to state a claim. The plaintiff has responded with two separate motions to amend his complaint (doc. nos. 6, 14).

      When a magistrate judge makes a finding or ruling on a motion or issue, his determination should become that of the court unless objections are filed. See Thomas v. Arn, 474 U.S. 140, 150-53 (1985). In his motion to amend, filed 20 days after issuance of the R & R, plaintiff generally objects to the recommendation to dismiss the complaint but does not point to

any legal or factual errors contained in the R & R.  Therefore, the court adopts the thorough and well reasoned recommendation to dismiss the complaint for failure to state a claim against the originally named defendants, the State of Michigan and Patricia Caruso.

Federal Rule of Civil Procedure 15(a), as amended effective December 1, 2007, expressly provides that before trial, a party may amend its pleading (1) once as a matter of course, before being served with a responsive pleading, or (2) with the court's leave, which the court should freely give when justice so requires.[1]  Here, because the action had not yet been dismissed and no answer had been served, plaintiff did not need leave of court to amend his complaint a first time.  However, plaintiff does require leave of court to amend a second time.

This case is also subject to mandatory screening under 28 U.S.C. § 1915A , 28 U.S.C. § 1915(e), and 42 U.S.C. § 1997e(c).  See Jones v. Bock, 127 S.Ct. 910, 914 (2007) (the Prison Litigation Reform Act of 1995 (PLRA), among other reforms, "mandates early judicial screening of prisoner complaints").  Pursuant to such screening, sua sponte dismissal is in order if an action is frivolous or malicious, the complaint fails to state a claim, or the plaintiff seeks monetary relief from a defendant immune from such relief.  Jones, 127 S.Ct. at 920.  Amended complaints are not exempt from screening.  Accordingly, the court must screen the proposed amended complaint, and grant the plaintiff's motion to file an amended complaint only to the extent the claims presented therein are capable of surviving a dismissal.

Based on the foregoing, IT IS THEREFORE ORDERED as follows:

---

[1] Although this action was filed before the effective date of the amendment to Rule 15, the changes made by the amendment are intended to be stylistic only.  Fed.R.Civ.P.15 advisory committee's note.

1.  The Magistrate Judge's R & R is adopted.

2.  Plaintiff's claims against defendant the State of Michigan are dismissed without prejudice.

3.  Plaintiff's claims against defendant Caruso are dismissed with prejudice.

4.  Plaintiff's first motion to amend (doc. no. 6) is denied as moot, in light of plaintiff's filing of a second motion to amend.

5.  Plaintiff's second motion to amend (doc. no. 14) and the re-screening of the proposed amended complaint are referred to United States Magistrate Judge Timothy P. Greeley, pursuant to 28 U.S.C. § 636(b)(1)(A), as are all other pretrial matters, including any other motions currently pending.

So ordered this 31st day of January, 2008.

                                           /s/ Wendell A. Miles
                                         Wendell A. Miles, Senior Judge