UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

———

JAMES H. STREET, JR.,

        Plaintiff,                        Case No. 2:07-cv-130

v.                                                Honorable Robert Holmes Bell

STATE OF MICHIGAN, et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

        This is a prisoner civil rights action, in which Plaintiff initially sued the State of Michigan and MDOC Director Patricia Caruso. On January 31, 2008, the court dismissed these Defendants, but referred Plaintiff's second motion to amend (docket #14) for screening, along with instructions to grant the motion to the extent that the claims presented therein are capable of surviving a dismissal. The Court has conducted an initial review of the amended complaint pursuant to 28 U.S.C. §1915(e), §1915A and 42 U.S.C. § 1997e(c), to determine whether it is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant that is immune from such relief. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's motion to amend be granted and that his amended complaint be dismissed, in part, for failure to state a claim.

**Discussion**

    I.       Factual allegations

In Plaintiff's amended complaint, he names Newberry Correctional Facility Defendants Warden Barry Davis, Sergeant Davis, Sergeant Price, Inspector Schultz, and Officer Merchnsick, as well as Kinross Correctional Facility Defendants Warden Linda Metrish, Deputy Warden Jeff Woods, Inspector Hardwood, Tanya Cunningham, Matt Sizer, and Penny Filion. Finally, Plaintiff names prisoner Mosely #303876.

Plaintiff alleges that on November 18, 2006, he gave Defendant Sergeant Davis a written complaint indicating that he was being threatened by prisoner Mosley. On November 19, 2006, Mosley punched Plaintiff several times in the face and then picked Plaintiff up and slammed him to the floor. Plaintiff crawled to the hallway and waited for prison officials. Plaintiff was taken to the infirmary, where Defendant Price had him write a statement regarding the incident. Plaintiff was transported to the hospital and was diagnosed as having a torn meniscus in his right knee. Plaintiff was given crutches and was prescribed Motrin.

Plaintiff was subsequently transferred to the Kinross Correctional Facility, where he was seen by nurses in the infirmary. Infirmary officials stated that Plaintiff did not have a torn meniscus. Plaintiff made repeated complaints regarding pain in his right foot and knee. Nurse Practitioner Susan Wilson requested an MRI on Plaintiff's behalf, which showed that Plaintiff had suffered an injury to his knee. Wilson ordered a brace for Plaintiff's knee, but Defendant Sizer subsequently took the brace away.

Plaintiff claims that he suffers from post-traumatic stress disorder and depression related to the assault by Defendant Mosley, and that the Defendants at the Newberry Correctional

Facility failed to protect Plaintiff from this assault despite the fact that they had two days notice of prisoner Mosley's threats against Plaintiff. Plaintiff contends that he must undergo reconstructive surgery for a second time to repair his ACL and that he was in pain for five months before he finally received his first knee surgery on April 20, 2007. Plaintiff states that Defendants violated his rights under the Eighth and Fourteenth Amendments. Plaintiff seeks compensatory and punitive damages, as well as equitable relief.

II.     Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Initially, the undersigned notes that the Defendant inmate Mosley is properly dismissed because a defendant must be a state actor, that is, someone who acts "under color of any statute, ordinance, regulation, custom, or usage, of any State ..." to be found liable under § 1983. *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922 (1982).

Plaintiff claims that Defendants Warden Linda Metrish, Deputy Warden Jeff Woods, Inspector Hardwood, Tanya Cunningham, Matt Sizer, and Penny Filion violated his Eighth

Amendment rights following the assault by delaying his surgery and interfering with his ability to get adequate medical care. The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo County*, 390 F.3d 890, 899 (6th Cir. 2004). If, however the need involves "minor maladies or non-obvious complaints of a serious need for medical care," *Blackmore*, 390 F.3d at 898, the inmate must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment." *Napier v. Madison County, Ky.*, 238 F.3d 739, 742 (6th Cir. 2001).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834). Deliberate indifference "entails something more than mere negligence," *Farmer,* 511 U.S. at 835, but can be "satisfied by something less than acts

or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Not every claim by a prisoner that he has received inadequate medical treatment states a violation of the Eighth Amendment. *Estelle*, 429 U.S. at 105. As the Supreme Court explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind. Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Estelle*, 429 U.S. at 105-06 (quotations omitted). Thus, differences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnoses or treatment are not enough to state a deliberate indifference claim. *Sanderfer*, 62 F.3d at 154-55; *Ward v. Smith*, No. 95-6666, 1996 WL 627724, at *1 (6th Cir. Oct. 29, 1996). This is so even if the misdiagnosis results in an inadequate course of treatment and considerable suffering. *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. Apr. 4, 1997).

The Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976). Where, as here, "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to

constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976); *see also*, *Brock v. Crall*, No. 00-5914, 2001 WL 468169, at *2 (6th Cir. Apr. 27, 2001); *Jones v. Martin*, No. 00-1522, 2001 WL 223859, at *1 (6th Cir. Feb. 28, 2001); *Williams v. Mattson*, No. 99-1796, 2000 WL 924145, at *1 (6th Cir. June 28, 2000); *Davis v. Ulep*, No. 97-2124, 1999 WL 98390, at *1 (6th Cir. Jan. 29, 1999); *Cain v. Huff*, No. 96-1613, 1997 WL 377029, at *4 (6th Cir. July 2, 1997); *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. Apr. 4, 1997). Therefore, Plaintiff's Eighth Amendment claims against Defendants Warden Linda Metrish, Deputy Warden Jeff Woods, Inspector Hardwood, Tanya Cunningham, Matt Sizer, and Penny Filion are properly dismissed.

In addition, the Substantive Due Process Clause does not provide any basis for relief. "A plaintiff asserting a substantive due process claim faces a virtually insurmountable uphill struggle. He must show that the government conduct in question was so reprehensible as to 'shock the conscience' of the court." *Rimmer-Bey v. Brown*, 62 F.3d 789, 791 n.4 (6th Cir. 1995) (citing *Rochin v. California*, 342 U.S. 165, 72 S. Ct. 205(1952); *Mertik v. Blalock*, 983 F.2d 1353, 1367-68 (6th Cir.1993)); *see also Hampton v. Hobbs*, 106 F.3d 1281, 1288 (6th Cir. 1997). Plaintiff's allegations in this case fail to meet this formidable standard and thus, he fails to state a claim that his substantive due process rights were violated.

The undersigned notes that Plaintiff's Eighth Amendment claims against Defendants Warden Barry Davis, Sergeant Davis, Sergeant Price, Inspector Schultz, and Officer Merchnsick for failing to protect him from the assault may appear to be nonfrivolous and may not be dismissed upon initial screening.

**Recommended Disposition**

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's motion to amend complaint (Docket #14) be granted. It is further recommended that Plaintiff's amended complaint be dismissed, in part, for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Finally, it is recommended that Plaintiff's amended complaint be served on Defendants Warden Barry Davis, Sergeant Davis, Sergeant Price, Inspector Schultz and Officer Merchnsick with regard to Plaintiff's Eighth Amendment failure to protect claims.

      /s/ Timothy P. Greeley
      TIMOTHY P. GREELEY
      UNITED STATES MAGISTRATE JUDGE

Dated: April 9, 2008

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).