UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JAMES H. STREET, JR.,

    Plaintiff,

                                                          Case No. 2:07-cv-130

v

                                                          Hon. Wendell A. Miles

NEWBERRY CORRECTIONAL FACILITY
WARDEN BARRY DAVIS,
SGT. PRICE, SGT. DAVIS,
OFFICER MERCHNSICK, and
"ET. AL.,"

    Defendants.

_____/

ORDER ON MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

      James H. Street, Jr., a state prisoner currently confined at the Hiawatha Correctional Facility, filed a complaint in this case asserting claims under 42 U.S.C. § 1983 and state law arising from events that occurred while plaintiff was confined at Michigan's Newberry and Kinross Correctional Facilities.  On September 11, 2007, United States Magistrate Judge Timothy P. Greeley issued a Report and Recommendation ("R & R") recommending that the complaint, which named as defendants only the State of Michigan and Michigan Department of Corrections Director Patricia Caruso, be dismissed for failure to state a claim.  The plaintiff responded by seeking to amend his complaint.  In an order entered on January 31, 2008, the court adopted the R & R, dismissing the claims against the State of Michigan and Patricia Caruso.  However, the court referred plaintiff's second motion for leave to amend (doc. no. 14)

and the re-screening of the proposed amended complaint back to the Magistrate Judge.

On April 9, 2008, the Magistrate Judge issued a second R & R recommending that the motion to amend be granted but that certain claims be dismissed for failure to state a claim. More specifically, the R & R concludes  (1) that the claims against the Kinross facility state actor defendants based on allegedly inadequate medical care should be dismissed;  (2) that the claim against fellow prisoner Mosley, who allegedly attacked plaintiff, should be dismissed because he is not a state actor for purposes of liability under 42 U.S.C. § 1983; and  (3) that the claims against the Newberry facility state actor defendants based on the alleged failure to protect plaintiff from Mosley be allowed to proceed.  Plaintiff has filed two separate responses to the R & R:  one in which he indicates that he does not object to the conclusion regarding the Newberry facility state actor defendants (doc. no. 27), and one in which he objects to the conclusion recommending dismissal of the claims against the Kinross facility state actor defendants (doc. no. 29).  The court, having reviewed the R & R, and having considered *de novo* those portions to which specific objection has been made, agrees with the recommendation of the Magistrate Judge to grant leave to amend the complaint and dismiss the amended complaint in part for failure to state a claim.

## Discussion

At the outset, it is noted that plaintiff does not object to the Magistrate Judge's recommendation that the claims against the Newberry facility state actor defendants be permitted to proceed, or to the recommendation that the federal claim against prisoner Mosley be dismissed.  The court therefore adopts these recommendations.

The Magistrate Judge also concluded that plaintiff has stated no claim under the Eighth Amendment based on deliberate indifference to serious medical needs because he has not been denied medical treatment but rather merely disputes the adequacy of the treatment provided. In his objections, plaintiff argues that the Magistrate Judge's decision fails to apply plaintiff's "specific facts" to the applicable legal standards under Farmer v. Brennan, 511 U.S. 825 (1994) and Blackmore v. Kalamazoo County, 390 F.3d 890 (6th Cir. 2004). More specifically, plaintiff argues that he has alleged that he suffered a torn meniscus requiring knee surgery, and that this injury is sufficiently serious to state a claim for deliberate indifference to a serious medical need.

The court has conducted a *de novo* review of the R & R and fully agrees with the Magistrate Judge's analysis of plaintiff's claims arising from the alleged denial of proper medical care by the defendants at the Kinross facility, where plaintiff was transferred following his injury at Newberry. The Magistrate Judge applied the proper legal standards to the facts alleged by plaintiff. Here, according to plaintiff's own allegations, although nurses at Kinross questioned the previous diagnosis of a meniscus tear, plaintiff was eventually given an MRI and seen by an orthopedist. Plaintiff underwent surgery to repair his knee on April 20, 2007, approximately five months after his injury.

Although plaintiff alleges that he is "still suffering" because his knee is "not repaired fully," the attachments accompanying his original complaint clearly indicate that plaintiff has received medical attention but merely questions the adequacy of the treatment. In addition, plaintiff's claim that one of the Kinross defendants, Matt Sizer, took a knee brace away from plaintiff because he lacked a "medical detail" for it does not state a claim for deliberate indifference. The Magistrate Judge properly concluded that plaintiff's allegations of inadequate

3

medical treatment following his knee injury do not state a claim under 42 U.S.C. § 1983.

## **Conclusion**

IT IS HEREBY ORDERED that the R & R of the Magistrate Judge is approved and adopted as the decision of the court. Therefore,

1. Plaintiff's motion to amend (doc. no. 14) is GRANTED.

2. The amended complaint is dismissed in part, as to the following defendants: (a) prisoner Mosley; and (b) Kinross defendants Warden Linda Metrish, Deputy Assistant Warden Jeff Woods, Inspector Hardwood, Tanya Cunningham, Matt Sizer, and Penny Filion.

3. The amended complaint shall be served on the following defendants: Warden Barry Davis, Sergeant Davis, Sergeant Price, Inspector Schultz, and Officer Merchnsick.

So ordered this 8th day of May, 2008.

  /s/ Wendell A. Miles
Wendell A. Miles, Senior Judge