UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JAMES H. STREET,

        Plaintiff,

                                        File No. 2:07-CV-130

v.

                                        HON. ROBERT HOLMES BELL

BARRY DAVIS, et al.,

        Defendants.
_____/

**ORDER APPROVING AND ADOPTING
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

On January 28, 2009, United States Magistrate Judge Timothy P. Greeley issued a report and recommendation ("R&R") recommending that Defendants' motion for summary judgment be granted and that this action be dismissed without prejudice. (Dkt. No. 65.) Plaintiff filed objections to the R&R on February 9, 2009. (Dkt. No. 66.)

This Court is required to make a *de novo* determination of those portions of the R&R to which objection has been made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

The Magistrate Judge recommended dismissal of this action because Plaintiff failed to rebut Defendants' showing that Plaintiff did not file grievances against them regarding Plaintiff's claim that Defendants failed to protect him from a prisoner assault. In his

objections Plaintiff contends that his notice to Defendants of the threat against him was sufficient to obligate them to protect him. Plaintiff contends that a grievance was neither necessary nor feasible due to the emergency nature of this situation.

Plaintiff misapprehends the exhaustion requirement that forms the basis for the R&R's dismissal recommendation. The Magistrate Judge did not suggest that Plaintiff was required to file a grievance in order to obtain protection from Defendants. Rather, the R&R correctly held that exhaustion of administrative remedies is a prerequisite to a prisoner's suit for violation of his civil rights. 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."); *Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court.") (citing *Porter v. Nussle*, 534 U.S. 516, 524 (2002)). The Court agrees with the Magistrate Judge's conclusion that Plaintiff's complaint is subject to dismissal for failure to exhaust administrative remedies. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's objections to the R&R (Dkt. No. 66) are **DENIED**.

**IT IS FURTHER ORDERED** that the R&R (Dkt. No. 66) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment (Dkt. No. 45) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff's motions to compel production of documents, for partial summary judgment, for leave to proceed *in forma pauperis*, and to appoint counsel (Dkt. Nos. 67, 68, 70, 72) are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the Court finds no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3).

Dated: March 25, 2009              /s/ Robert Holmes Bell
                                   ROBERT HOLMES BELL
                                   UNITED STATES DISTRICT JUDGE