UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION


JAMES H. STREET,

        Plaintiff,

                                          Case No. 2:07-cv-130
v.                                       HON. ROBERT HOLMES BELL

BARRY DAVIS, et al.,

        Defendants.
_____/


**<u>REPORT AND RECOMMENDATION</u>**

        Plaintiff James Street filed this prisoner civil rights action pursuant to 42 U.S.C. §

1983. In an amended complaint, Plaintiff named Defendants Newberry Correctional Facility Warden

Barry Davis, Sergeant Davis, Sergeant Price, Inspector Schultz, and Officer Merchnsick, as well as

Kinross Correctional Facility Defendants Warden Linda Metrish, Deputy Warden Jeff Woods,

Inspector Hardwood, Tanya Cunningham, Matt Sizer, and Penny Filion. Finally, Plaintiff names

prisoner Mosely #303876.

        In a series of opinions, the court eventually dismissed each of the named Defendants.

Plaintiff filed an appeal and on March 16, 2010, the Sixth Circuit affirmed the dismissal of all the

named Defendants, except for Defendant Sizer. The court notes that Plaintiff's claims against

Defendant Sizer were dismissed for failure to state a claim on May 8, 2008.

        On June 22, 2010, Defendant Sizer filed a motion for summary judgment (docket

#96) on the ground that Plaintiff failed to exhaust his available administrative remedies. Plaintiff

filed a response (docket #114) on or about July 16, 2010. Upon review, I recommend that Defendant

Sizer's motion for summary judgment based on Plaintiff's failure to exhaust his available administrative remedies be granted.

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Kocak v. Comty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir. 2005); *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)); *see also Tucker v. Union of Needletrades Indus. & Textile Employees*, 407 F.3d 784, 787 (6th Cir. 2005). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Twin City Fire Ins. Co. v. Adkins*, 400 F.3d 293, 296 (6th Cir. 2005).

A prisoner's failure to exhaust his administrative remedies is an affirmative defense, which Defendants have the burden to plead and prove. *Jones v. Bock*, 127 S. Ct. 910, 919-21 (2007). A moving party without the burden of proof need show only that the opponent cannot sustain his burden at trial. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). A moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his

showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The United States Court of Appeals for the Sixth Circuit repeatedly has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056 (same). Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

Pursuant to the applicable portion of the Prison Litigation Reform Act (PRLA), 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust his available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 733 (2001). A prisoner must first exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741; *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *Freeman v. Francis*, 196 F.3d 641, 643 (6th Cir. 1999). In order to properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules. *Jones v. Bock*, 127 S. Ct. 910, 922-23 (2007); *Woodford v. Ngo*, 126 S. Ct. 2378, 2386 (2006). "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'" *Jones*, 127 S. Ct. at 922-23.

MDOC Policy Directive 03.02.130 (effective July 9, 2007), sets forth the applicable grievance procedures for prisoners in MDOC custody at the time relevant to this complaint. Inmates must first attempt to resolve a problem orally within two business days of becoming aware of the grievable issue, unless prevented by circumstances beyond his or her control *Id.* at ¶ P. If oral resolution is unsuccessful, the inmate may proceed to Step I of the grievance process and submit a completed grievance form within five business days of the attempted oral resolution. *Id.* at ¶ P. The Policy Directive also provides the following directions for completing grievance forms: "The issues shall be stated briefly. Information provided shall be limited to the <u>facts</u> involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places and names of all those involved in the issue being grieved are to be included." *Id.* at ¶ R (emphasis in original). The inmate submits the grievance to a designated grievance coordinator, who assigns it to a respondent. *Id.* at ¶ X.

If the inmate is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II by obtaining an appeal form within ten business days of the response, or if no response was received, within ten days after the response was due. *Id.* at ¶¶ T, DD. The respondent at Step II is designated by the policy, *e.g.,* the regional health administrator for a medical care grievances. *Id.* at ¶ GG. If the inmate is still dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal to Step III. *Id.* at ¶ FF. The Step III form shall be sent within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due. *Id.* at ¶ FF. The Grievance and Appeals Section is the respondent for Step III grievances on behalf of the MDOC director. *Id.* at ¶ GG. Time limitations shall be adhered to by the inmate and staff at all steps of the grievance process. *Id.* at ¶ X. "The total grievance process from the point of filing a Step I

4

grievance to providing a Step III response shall be completed within 90 calendar days unless an extension has been approved . . . ." *Id* at ¶ HH.

In support of his motion, Defendant Sizer states that the only grievance filed by Plaintiff through step III of the grievance process was HTF 2007-12-798-17z, regarding a November 20, 2007, incident involving a request for production of a Special Problem Offender Notice (SPON). Defendant Sizer refers to the Grievance Inquiry Printout for Plaintiff, which is attached to Defendants' prior motion for summary judgment, as well as a copy of grievance number HTF 2007-12-798-17z. (*See* Docket #46, Exhibits A and B.) The Grievance Inquiry Printout shows that Plaintiff also filed additional grievances on February 12, 2008, and February 19, 2008. However, neither of these grievances involved a claim that Defendant Sizer had seized his knee brace. (*See* Docket #46, Exhibits A, C, and D.)

In response to the motion for summary judgment, Plaintiff asserts that he filed a grievance addressing his claims against Defendant Sizer, grievance number NCF 2009-04-0404-28E, but that the grievance was rejected as untimely. Plaintiff appealed the rejection of the grievance to step III, and attaches copies of the grievance and the responses to his response. A review of the attachments show that Plaintiff did attempt to grieve his claim against Defendant Sizer, but that his grievance was rejected as untimely at each level. Therefore, Plaintiff claims that he should be allowed to proceed with this claim.

The Supreme Court held in *Woodford*, 126 S. Ct. at 2387, that the PLRA exhaustion requirement requires "proper exhaustion." "Proper exhaustion" means that the plaintiff complied with the administrative agency's deadlines and "critical procedural rules," such as time limits for filing grievances. *Id.* at 2386-388. It is a precondition to any suit challenging prison conditions. *Id.* Therefore, following *Woodford,* if a plaintiff's grievance was not filed in a timely manner pursuant

to the state's administrative rules, the plaintiff has not properly exhausted his administrative remedies and the claim is barred. The Supreme Court's recent decision regarding PLRA exhaustion, *Jones,* 127 S. Ct. at 922, did not modify this holding regarding "proper exhaustion." To the contrary, the Court drew upon the reasoning of *Woodford* when it struck down the Sixth Circuit's rule barring prisoners from bringing suit against any defendant whom the prisoner had not named in a Step I administrative grievance:

> In *Woodford,* we held that to properly exhaust administrative remedies prisoners must "complete the administrative review process in accordance with the applicable procedural rules," 548 U.S., at ----, 126 S.Ct. 2378 (slip op., at 5)--rules that are defined not by the PLRA, but by the prison grievance process itself. Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to "properly exhaust." The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion. As the MDOC's procedures make no mention of naming particular officials, the Sixth Circuit's rule imposing such a prerequisite to proper exhaustion is unwarranted.

*Jones,* 127 S. Ct. at 922-23.[1] Therefore, pursuant to the Supreme Court's decision in *Woodford,* Defendant Sizer is entitled to summary judgment because Plaintiff failed to properly exhaust his administrative remedies.

For the foregoing reasons, I recommend that Defendant Sizer's motion for summary judgment (docket #96) be granted and this case be dismissed in its entirety. Should the court adopt the report and recommendation in this case, Plaintiff's pending motions (docket #105, #107, #111, #116, #117, #121, #125, #129, and #132) are properly denied as moot.

---

[1] As "the MDOC's procedures make no mention of naming particular officials," the *Jones* Court held that "the Sixth Circuit's rule imposing such a prerequisite to proper exhaustion is unwarranted." *Jones*, 127 S. Ct. at 923. The *Jones* Court, however, dealt with MDOC Policy Directive 03.02.130, effective November 1, 2000. In that version of MDOC Policy Directive 03.02.130 there was no requirement that particular officials be named in a Step I grievance.

Finally, Should the court adopt the report and recommendation in this case, the court

must next decide whether an appeal of this action would be in good faith within the meaning of 28

U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).  For the

same reasons that the undersigned recommends granting Defendants' motion for summary judgment,

the undersigned discerns no good-faith basis for an appeal.  Should the court adopt the report and

recommendation and should Plaintiff appeal this decision, the court will assess the $455 appellate

filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from

proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g).  If he is barred, he will

be required to pay the $455 appellate filing fee in one lump sum.


 /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE


Dated:   January 31, 2011


## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).