UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JAMES H. STREET,

        Plaintiff,

                                  File No. 2:07-CV-130

v.

                                  HON. ROBERT HOLMES BELL

BARRY DAVIS, et al.,

        Defendants.
                                    /

## ORDER APPROVING AND ADOPTING
## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On January 31, 2011, United States Magistrate Judge Timothy P. Greeley issued a report and recommendation ("R&R") recommending that Defendant Matt Sizer's motion for summary judgment (Dkt. No. 96) be granted, that Plaintiff James Street's motions (Dkt. Nos. 105, 107, 111, 116, 117, 121, 125, 129, 132) be denied as futile, and that Plaintiff's complaint be dismissed for failure to exhaust his available administrative remedies. (Dkt. No. 137, R&R.) Plaintiff filed objections to the R&R on February 18, 2011. (Dkt. No. 139.) Plaintiff filed a motion to supplement or add addition objection on March 7, 2011. (Dkt. No. 142.)

This Court is required to make a *de novo* determination of those portions of the R&R to which specific objection has been made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ.

P. 72(b).

In his objections, Plaintiff does not dispute the Magistrate Judge's finding that Plaintiff's attempt to grieve his claim against Defendant Sizer in grievance number NCF 2009-04-0404-28E was rejected as untimely at each level of the prison grievance procedure. Instead, he contends that his delayed filing of the grievance should be excused pursuant to Policy Directive 03.02.130(G)(3) because MDOC officials failed to provide him assistance as required by Policy Directive 03.02.130(M). Plaintiff asserts that he was diagnosed at a young age with a severe learning disability, and that in accordance with the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132, he should not be denied the benefits of the grievance procedure by reason of his disability.

Policy Directive 03.02.130 provides that a grievance "shall not be rejected if there is a valid reason for the delay; e.g., transfer." P.D. 03.02.130(G)(3). It further provides that "Wardens and FOA Area Managers shall ensure prisoners and parolees are provided assistance in completing a grievance form, if needed." P.D. 03.02.130(M). The Court is aware of no authority which would impose an affirmative duty on prison officials to independently inquire into a prisoner's need for assistance in completing a grievance. "The Sixth Circuit requires some affirmative efforts to comply with the administrative procedures before analyzing whether the facility rendered these remedies unavailable." *Napier v. Laurel County*, Ky., No. 09-6239, — F.3d —, 2011 WL 420503, at *4, 2011 U.S. App. LEXIS 2400, at *12 (6th Cir. Feb. 9, 2011) (quoting *Braswell v. Corr. Corp. of Am.*, No. 08-

0691, 2009 WL 2447614, at *7 (M.D. Tenn. Aug.10, 2009)). The Sixth Circuit has "consistently analyzed whether an inmate's efforts to exhaust were sufficient under the circumstances, but in each case, the prisoner did something." *Id. see also Brock v. Kenton Cnty., Ky.*, 93 F. App'x 793 (6th Cir. 2004) (citing cases reflecting that the prisoner must make some affirmative efforts to comply with the administrative procedure). Here, Plaintiff has not asserted that he did anything to file the grievance on time, or to bring his need for assistance in filing the grievance to the attention of prison officials. Because Plaintiff has not alleged that he made any effort to seek assistance in filing a timely grievance, the Court is not persuaded that Plaintiff's delayed filing should be excused.

Upon review of Plaintiff's motion to supplement his objections, the Court concludes that the proposed supplement does not contain any valid objections to the R&R. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's objections to the R&R (Dkt. No. 139) are **OVERRULED**.

**IT IS FURTHER ORDERED** the January 31, 2011, R&R of the Magistrate Judge (Dkt. No. 137) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant Sizer's motion for summary judgment (Dkt. No. 96) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's complaint is **DISMISSED**.

**IT IS FURTHER ORDERED** that Plaintiffs motions (Dkt. Nos. 105, 107, 111, 116,

117, 121, 125, 129, 132, 142) are **DENIED** as futile.

**IT IS FURTHER CERTIFIED** pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3) that an appeal of this action would not be in good faith.


Date:  March 9, 2011 			  /s/ Robert Holmes Bell
					ROBERT HOLMES BELL
					UNITED STATES DISTRICT JUDGE